# CIRCUIT COURT OF THE CITY OF RICHMOND

Garland M. Jones

v.

CSX Transportation, Inc.

January 3, 2001

Case No. LF-2910-4

BY JUDGE T. J. MARKOW

The parties came on defendant's in limine Motion to Exclude Plaintiff's Expert Witnesses, on which the court heard evidence, reviewed depositions, and received memoranda.

In this FELA action, plaintiff claims to have injured his feet while working in the ACCA yard on large ballast. Ballast is the foundation material upon which cross ties and tracks are laid. Plaintiff, a car inspector, argues that his employer, CSXT, was negligent in failing to use smaller and smoother ballast in the yard where he worked thereby requiring him to walk on a rough uneven surface. He claims that as the result he now suffers from plantar fasciitis.

Plaintiff intends to call Doctors Jones, Rubin, and Simon each of whom has treated him. They are prepared to opine that the ballast in the ACCA yard is the most likely cause of plaintiff's plantar fasciitis, a condition characterized by heel pain and which is described as the inflammation of a band of fibrous tissue that extends from the heel bone across the bottom of the foot to the ball of the foot.

There are at least two types of ballast in the yard. One is "main line ballast" a larger sized stone generally used on road track and "yard ballast" which is smaller and less uneven. Plaintiff's case is based on the theory that there should be no "main line ballast" used in the yard, that CSXT has used main line ballast over much of the yard, and that the large ballast caused injury to his heel.

Defendant also asks the court to exclude the testimony of Dr. Robert Andres, a biomechanical engineer who has conducted an experiment for plaintiff's counsel in which he had subjects walk over two sizes of ballast type rock while measuring the rear foot biomechanical differences between walking on different sized ballast and level concrete. Dr. Andres concludes that there may be considerably greater stresses on the rear foot from walking on the larger main line ballast than on level concrete or the smaller and smoother walking ballast. He makes no finding that the additional stresses are pathologic nor does any other expert.

Plaintiff intends to offer Dr. Andres's testimony to assist the jury in understanding how the foot reacts to walking over these different surfaces.

Defendant objects to Dr. Andres's testimony on several grounds, primarily that this is a test conducted under circumstances not substantially similar to those encountered by the plaintiff. Defendant additionally complains that the experiment was not designed and conducted in a scientifically acceptable method.

The court agrees with defendant's arguments regarding Dr. Andres and finds that his testimony and studies are not helpful to the jury. His testimony will be excluded for these reasons and plaintiff's objections are noted.

The court would add that it is also not helpful to the jury to be told that there is more stress on the foot and even on the plantar fascia from walking on uneven as opposed to even surfaces and that the more uneven the surface the more the stress that is placed on the foot. This is information within the understanding of ordinary people.

Doctors Jones, Rubin, and Simon would testify that the plaintiff's plantar fasciitis was caused by his walking on the ballast while working in the ACCA yard. They claim to have used the concept of "differential diagnosis" (more appropriately denoted "differential etiology" as diagnosis refers to a determination of the disease or condition and etiology to its cause).

This court's function is not to determine the validity of the experts' conclusions whether by weighing their credibility, comparing their opinions with those of defendant's expert, or even the inferences drawn from the facts considered. Those are reserved for the fact finder.

As the so-called "gate-keeper" of evidence, the court's role is to determine if the matter the expert is to testify about "will assist the trier of fact to understand the evidence or to determine a fact in issue. . . ." Va. Code Ann § 8.01-401.3(A). To be of assistance to the jury, such evidence must be reliable. It cannot be reliable if the expert "has failed to consider all the variables that bear upon the inferences to be deduced from the facts observed." *Tittsworth v. Robinson*, 252 Va. 151, 154 (1996).

The question, then, is whether the opinions of these experts are reliable and will they be of assistance to the jury?

These experts begin with a premise accepted in the few scientific writings on the subject that plantar fasciitis is attributed to "chronic injury and repair resulting from repetitive micro trauma at the origin of the plantar fascia." See an article by defendant's expert *Cumulative Industrial Trauma as an Etiology of Seven Common Disorders in the Foot and Ankle: What is the Evidence?* Gregory P. Guyton, M.D., Roger A. Mann, M.D., Louren Eric Kreiger, M.D., Tuvi Mendel, M.D., and Julia Kahan, M.D.

The plaintiff's experts then say that they have excluded the other possible causes of micro trauma to plaintiff's feet as the most likely causes of his plantar fasciitis and conclude that walking on the uneven ballast is the most likely cause of his condition.

Each has failed to consider all other factors, but the court believes this goes to the weight and not the admissibility of the evidence.

The most problematic aspect of these opinions is that articulated by Dr. Rubin in his testimony before the court that he does not know whether the plaintiff worked on large or small ballast or how his work time was divided on the two surfaces and whether that would make a difference in his opinion of the cause of the condition. In essence, he cannot say that the of plaintiff's condition is caused by the large "main line" ballast or the smaller "yard ballast." The other experts testified similarly.

Plaintiff's position is that the defendant's negligence is in failing to use a smaller sized ballast throughout the yard. He does not claim that the defendant would have been negligent if it had used "yard ballast" throughout the yard. If his experts cannot conclude that the smaller sized ballast would have made a difference, their opinions are inadmissible as they are not relevant and are certainly not helpful to the jury. These opinions must, therefore, be excluded.

It is, therefore, ordered that the Defendant's Motion to Exclude Plaintiff's Expert Witnesses is sustained as to Dr. Andres, Jones, Simon, and Rubin. No ruling is made on witnesses Dunn, Bowden, or Levine at this time.